# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**BERT JEROME GALLOWAY,**

      **Plaintiff,**

v.                                            **Case 2:19-cv-02570-TLP-cgc**

**PETER GEORGE POPOFF,** *Rev.*, **and
SECURITY GUARD,** *People United for
Christ, Inc.*,

      **Defendants.**

## REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING
## PURSUANT TO 28 U.S.C. § 1915

On August 26, 2019, Plaintiff Bert Jerome Galloway filed a *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Section 1983") and a motion to proceed *in forma pauperis*. (Docket Entry ("D.E. # 1 & 2.)  The motion to proceed *in forma pauperis* was granted on September 25, 2019.  (D.E. # 6.)  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05.[1]  For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to 28 U.S.C. § 1915 ("Section 1915") for failure to state a claim upon which relief may be granted.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639.  All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

## I.   Introduction

Plaintiff's Complaint arises out of his attendance at Reverend Peter George Popoff's ("Reverend Popoff") "Positioning You for Abundant Harvest" event at the Memphis Cook Convention Center on September 13, 2018.  According to Plaintiff, Reverend Popoff is part of People United for Christ, Incorporated and sent him a letter and ticket invitation to attend the event.  This letter is attached to the Complaint as Exhibit 1.  (D.E. # 1-1.)  Plaintiff states that after roughly thirty minutes into the event, he went to the restroom.  Plaintiff alleges that upon his return from the restroom, Reverend Popoff's security guard came from behind Plaintiff, grabbed his chest, and threw him into some chairs.  According to Plaintiff, it was never explained to him why the security guard did this and he was sore enough the next day to go to the emergency room.  Plaintiff states he has a "implantable defibrillator," which he wanted checked after incident.  Plaintiff later filed a police report, which is attached to the Complaint as Exhibit 2.  (D.E. # 1-2.)   Additionally, Plaintiff sent Reverend Popoff a letter, dated January 10, 2019 and attached it to the Complaint as Exhibit 3, telling Reverend Popoff that Plaintiff intends to bring a Complaint against him pursuant to Section 1983 for violation of his civil rights.  (D.E. # 3.)

Plaintiff states that "[he can't] help but believe [that] this was a racial attack" and that Reverent Popoff's "black security guard was only following [Reverend Popoff's] orders."  Plaintiff contends that Reverend Popoff "has a pattern for hurting black people and poor people."  Plaintiff makes further statements that the security guard's behavior was based on his race, that Reverend Popoff was born in Germany, and that Reverend Popoff is a "conman" who was exposed as such in 1986.  Plaintiff contends that his Eighth, Thirteenth, and Fourteenth Amendment rights were violated by Reverend Popoff and the unknown security guard.

As relief, Plaintiff asks that the Court order Reverend Popoff to reveal the name of the security guard, accept all his exhibits, award ten million dollars in damages for pain and suffering, and order that Reverend Popoff pay all costs of this action.

## II.     Analysis

Plaintiff's Complaint alleges violations of his civil rights pursuant to Section 1983. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however, inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 93, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in *pro se* cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A *pro se* complaint must still "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and emphasis omitted)). District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create a *pro se* litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003).

Generally, to successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 585, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Id.* at 590 (quoting *Am. Mfs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see also Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Therefore, "[i]in order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). The Sixth Circuit recognizes three tests for determining whether private conduct is attributable to the state: (1) the public function test, which requires that the private entity exercise powers which are traditionally reserved for the state; (2) the state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state; and (3) the nexus test, which requires a sufficiently close relationship, such as through state regulation or contract, between the state and the private actor so that the action may be attributed to the state. *Tahfs*, 316 F.3d at 591 (quoting *Ellison v. Garbarino*, 48F.3d 192, 194 (6th Cir. 1995)).

Plaintiff has named Reverend Popoff and an unknown security guard, who Plaintiff alleges works for Reverend Popoff, as defendants. Both individuals are private parties who may not be sued pursuant to Section 1983, no matter their conduct. Plaintiff has alleged no facts in his Complaint which show that either party exercises powers which are traditionally reserved for the state, that the state in anyway encouraged the security guard's behavior, or that there is a close relationship between the two parties and the state. Plaintiff attended an event hosted by Reverend Popoff, a private individual, and encountered the security guard, a private individual, at the event.

Nothing in Plaintiff's Complaint allows this Court to infer any state action on the part of Reverend Popoff or the security guard.  Accordingly, because Plaintiff has failed to allege that any individual was acting under the color of state law to allegedly deprive him of his constitutional rights, it is RECOMMENDED that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous.  Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*.  *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.  It is therefore RECOMMENDED that the Court

CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 1st day of June 2020.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**