**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| BERT JEROME GALLOWAY,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02570-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| PETER GEORGE POPOFF, Rev., and ) | |
| SECURITY GUARD, People United for ) | |
| Christ, Inc., ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Bert Jerome Galloway sues Defendants pro se alleging that Defendants violated his Eighth, Thirteenth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 when a security guard threw him into some chairs at Reverend Popoff's "Positioning You For Abundant Harvest" event at the Memphis Cook Convention Center.  (ECF No. 1.)  Plaintiff alleges that this was an attack based on his race and that Reverend Popoff "has a pattern for hurting black people and poor people."  (*Id.* at PageID 3.)  The day after the incident, Plaintiff went to the emergency room for soreness and to have his implantable defibrillator examined.  (*Id.*)  Plaintiff therefore seeks ten million dollars for his pain and suffering.  (*Id.* at PageID 5.)

The Magistrate Court entered a Report and Recommendation ("R&R") under Administrative Order 2013-05, recommending that the Court dismiss this action sua sponte

under 28 U.S.C. § 1915(e)(2). (ECF No. 7.) Plaintiff has not objected to the R&R, and the time to do so has now passed.[1]

## IN FORMA PAUPERIS CASE SCREENING

The Court has to screen any case proceeding in forma pauperis to determine whether it is baseless or malicious, fails to state a viable claim for relief, or seeks monetary relief against an immune defendant. If a case falls into one of these categories, "the court shall dismiss the case at any time . . . ." See 28 U.S.C. § 1915(e)(2). As mentioned above, the Magistrate Judge conducts this screening under Administrative Order 2013-05 and 28 U.S.C. § 636(b)(1)(B). The R&R recommends dismissal of the Complaint for failure to state a viable claim for relief. (ECF No. 8 at PageID 33.)

The Magistrate Court recommended specifically that Plaintiff cannot state a claim under § 1983 because Reverend Popoff and the unknown security guard are both private parties not government officials subject to suit under § 1983. (ECF No. 7 at PageID 27.) According to the Magistrate Court:

> Plaintiff has alleged no facts in his Complaint which show that either party exercises powers which are traditionally reserved for the state, that the state in anyway encouraged the security guard's behavior, or that there is a close relationship between the two parties and the state. Plaintiff attended an event hosted by Reverend Popoff, a private individual, and encountered the security guard, a private individual, at the event. Nothing in Plaintiff's Complaint allows this Court to infer any state action on the part of Reverend Popoff or the security guard.

(*Id.* at PageID 27–28.) Accordingly, the Magistrate Court recommends dismissal of Plaintiff's complaint for failure to state a claim upon which relief may be granted. (*Id.* at PageID 28.) Finally, the Magistrate Court notes that any appeal taken by Plaintiff would not be taken in

---

[1] Objections to the R&R were due 14 days after entry of the R&R—June 15, 2020.

good faith and recommends the Court deny leave to appeal in forma pauperis.  (*Id.* at PageID 28–29.)

## ADOPTING THE R&R

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Plaintiff did not object to the R&R, and the time for filing objections has expired.  See Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).  When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.  The Court further finds that any appeal in this matter would not be taken in good faith and **DENIES** leave to appeal in forma pauperis.

**SO ORDERED**, this 20th day of July, 2020.

                                      s/Thomas L. Parker
                                      THOMAS L. PARKER
                                      UNITED STATES DISTRICT JUDGE